

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Gerald C. Mann

~~XXXXXXXXXXX~~
~~PRICE DANIEL~~
~~ATTORNEY GENERAL~~

Honorable Burl Brittain
County Auditor
San Patricio County
Sinton, Texas

Dear Sir:

Opinion No. 0-~~2212~~ 2314
Re: Validity of the Commissioners'
Court Order, dated April 8,
1940.

Your recent request for an opinion of this department on the question as is herein stated has been received.

We quote from your letter as follows:

"Inclosed herewith is a certified copy of a Commissioners' Court Order dated February 12, 1940 revealing the action of the Commissioners' Court relative to a petition to Employ a County Service Office, signed by E. W. Isabel and 128 other citizens, which was presented to the Court by Mr. J.W. Ford.

"There is also inclosed a certified copy of the Commissioner's Court Order dated April 8, 1940, which reveals the final disposition taken by the Court on the petition presented by Mr. J. W. Ford on February 12, 1940.

"Will you please advise me whether or not the action taken by the Court on April 8, relative to the application and petition presented on February 12 is constitutional.

"In as much as the Case Worker for this County did not apply to the Commissioner's Court for an assistant and when advised of the employment of the assistant requested that he not be sent to her office for duty appears to me to be employment under subterfuge, but I want your opinion on the subject."

We quote the above mentioned petition (omitting the names signed thereto) and the motion of the Commissioners' Court, bearing date of February 12, 1940, together with the order of the Commissioners' Court, bearing date of April 8, 1940, all of which is duly certified to by the Clerk of the County Court of San Patricio County:

"There was presented to this Commissioners' Court, a petition signed by E. W. Isabel and 128 other citizens of the County, petitioning the County Commissioners' Court to employ a County Service Officer, to assist the County Case Worker in working with ex-service men and their families. On Motion made by Com. E. H. Jackson, seconded by Com. W. E. Tedford, and all Commissioners being present and voting 'Aye' and none voting "Nay' petition received and ordered held for further information from other sections of the County, as most of the names were from Sinton and Odem.

### "Petition to Employ a County Service Officer.

THE STATE OF TEXAS
COUNTY OF SAN PATRICIO     WHEREAS, there is a need among the ex-service men and families of San Patricio County, Texas, for a service officer to assist them in the securing of benefits to which they are entitled by reason of their service to the Government, in securing hospitalization and medical care as well as benefits to which they are entitled, and;

"WHEREAS, the securing of said benefits will, in numerous cases be of direct benefit to the County, in that the County is often called upon to assist those who are entitled to medical and other care from the Federal Government by reason of their wartime service, which will relieve the County of this burden;

"THEREFORE, We the undersigned resident tax payers of San Patricio County, Texas, respectfully petition the Honorable Commissioners' Court of San Patricio County, to employ a suitable person, familiar with the needs of ex-service men and their families and of the benefits to which they are entitled, to take care of this work."

"There came up for consideration the matter of employing an assistant Case Worker in San Patricio County, and it appearing to this court that Mr. J. W. Ford is a suitable person for this position, and that it would be to the advantage of the citizenship of San Patricio County that such assistant Case Worker be employed, it is hereby ordered that Mr. J. W. Ford be employed as assistant Case Worker

at a salary of $35.00 per month, effective April
1, 1940; and that said employment be continued
until December 31, 1940, unless the relief set-
up requiring the employment of Case Workers be
sooner discontinued.

"Motion made by Commissioner E. H. Lewis,
seconded by E. H. Jackson, and all commissioners
being present and voting 'Aye' and none voting
"Nay,' it is so ordered."

We are of the opinion that we can properly pass up-
on the validity of the above mentioned order of the Commis-
sioners' Court without deciding any constitutional question
that might be technically raised. A constitutional question
will be passed upon only when necessity arises; and the courts
are loath to decide such questions unless they have been di-
rectly raised and argued by counsel. Black Bros. vs. State,
253 S. W. 576; City of Huston vs. Houston City Street Rail-
way Co., 19 S. W. 127; Texas Jur., Vol. 9, p. 426.

We quote from Texas Juris., Vol. 11, pages 563-4-5,
as follows:

"Counties, being component parts of the
state, have no powers or duties except those
which are plainly set forth and defined in the
constitution and statutes. The statutes have
plainly defined the powers, prescribed the
duties, and imposed the liabilities of the
commissioners' courts, the medium through which
the different counties act, and from those
statutes must come all the authority vested in
the counties.

". . . .

". . . . Commissioners' courts are courts
of limited jurisdiction, in that their authority
extends only to matters pertaining to the gener-
al welfare of their respective counties and that
their powers are only those expressly or implied-
ly conferred upon them by law,--that is, by the
constitution and statutes of the state."

We have carefully examined the various statutes
and portions of the constitution with reference to the powers

and authority of the Commissioners' Courts, and so far as we have been able to find, there is no power, right or authority expressly or impliedly conferred upon the Commissioners' Courts to make and enter an order in the minutes of said court, as above indicated. Therefore, you are respectfully advised that it is the opinion of this department that the order of the Commissioners' Court, bearing date of April 8, 1940, as above quoted, is invalid.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:oe:wb

APPROVED JUN 18, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE

BY: BWB    Chairman